UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

R.L. ADAMS PLASTICS, INC.,       Case No. 15-cv-12266
ADAMS EMPLOYMENT SERVICES
LLC AND ADAMS PLASTICS       Honorable Terrence G. Berg
MEDICAL BENEFIT PLAN,

      Plaintiffs,

v.

BLUE CROSS BLUE SHIELD OF
MICHIGAN,

      Defendant.

---

## <u>STIPULATED PROTECTIVE ORDER</u>

WHEREAS, the parties consider certain information and documents in their possession to be confidential and proprietary, including, *inter alia*, sensitive financial, commercial, business, and medical information and, therefore, mutually desire that a protective order limiting the use, access to and disclosure of such information and documents be entered, and the Court being otherwise fully informed;

**IT IS HEREBY ORDERED** that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the production and use of documents and information produced or made available in this matter shall proceed in accordance with the following terms:

# I.   <u>SCOPE OF THE ORDER</u>

**1.    Scope of Order:** This Order applies to all documents (and the contents thereof) served, transmitted, or incorporated in this lawsuit pursuant to Rules 26 through 36 and/or Rule 45 of the Federal Rules of Civil Procedure.

# II.   <u>DESIGNATION OF MATERIALS AS "CONFIDENTIAL" OR "ATTORNEYS EYES ONLY"</u>

**2.    Confidential Designation:** The supplying party (including third-parties) may designate material (including paper or electronic documents, written discovery responses, and/or deposition testimony or exhibits) as "Confidential" if such party believes in good faith, and after reasonable inquiry, that such material is entitled to protection under Rule 26, or any other applicable law.   Medical information protected by the Health Insurance Portability and Accountability Act Privacy Regulations, 45 CFR § 164.512(e), is entitled to protection and is treated as though designated as Confidential regardless of whether it is designated Confidential by the supplying party.   Nothing in this Order is intended to expand the scope of materials entitled to protection beyond what is covered by Rule 26 or other applicable law.

It is anticipated that BCBSM will produce in this case hundreds of thousands of pages of electronically-stored information as previously produced in *Hi-Lex*. Thousands of pages of that material bear "Confidential" and "Attorney Eyes Only" designations.   Notwithstanding the foregoing paragraph, BCBSM may keep those

2

designations in this case, but the designations are withdrawn as to (a) designated documents in the *Hi-Lex* materials that were later de-designated in *Hi-Lex*, or (b) documents that are dated 2009 or earlier.   As to the remaining designations, Plaintiffs may identify specific documents, or reasonably ascertainable categories of documents, that it wants de-designated and BCBSM shall promptly review those documents to determine, and report to Plaintiffs, whether it will continue the designations in accordance with the terms of this order.

**3.     Persons Eligible to View Confidential Information:** Only Qualified Persons are authorized to view confidential information in this case, who are:

     a.    Attorneys of record in this litigation and secretaries, paralegals, law clerks and support staff employees to whom, in the opinion of the attorney of record for the receiving party, it is necessary that the information be disclosed for purposes of this litigation;

     b.    Any person who is not an employee or business consultant of a party and who is retained by a party or its attorneys of record in this litigation solely as an independent expert for the purposes of this litigation and who agrees in writing to be bound by the terms of this Protective Order.  The independent expert must complete and sign a Confidentiality Statement in the form of Exhibit A, attached hereto.   A copy of that Statement must be given to the other party before access is allowed to the Confidential information.

     c.    Officers, directors, and/or employees expressly designated by each party, who, by accepting said designation agree to be bound by the terms of this Protective Order.

     d.    Any person that an attorney of record in this litigation reasonably believes needs to review the confidential information to enable the good faith prosecution or defense of

3

this litigation, such as a potential witness. Any such person shall complete and sign a Confidentiality Statement in the form of Exhibit A, attached hereto. A copy of that Statement must be given to the other party before access is allowed to the Confidential information.

e.  Any other person who is designated as a Qualified Person by Order of this Court, after notice to all parties, or who, by written agreement of the parties, is designated as a Qualified Person. Any person designated under this subparagraph must complete and sign a Confidentiality Statement in the form of Exhibit A, attached hereto. A copy of that Statement must be given to the other party before access is allowed to the Confidential information.

f.  Court reporters, stenographers, clerks, law clerks, and other court personnel employed by the Court, and court reporters and/or stenographers at depositions.

4.  **Persons Eligible to View Attorneys Eyes Only Information:** By placing the phrase "Attorneys Eyes Only" on a document, a producing party designates that document as one to be viewed only by the Court, by attorneys of record, and/or by expert consultants retained in this proceeding, who may not disclose the content of the document to their client except with the written consent of the producing party or by order of the Court. The "Attorney Eyes Only" designation is only permissible if the document contains pricing information related to BCBSM customers that are not parties to this action, and if the material so designated is of a particularly sensitive nature that the opposing party's knowledge of it has a reasonable potential to cause significant commercial harm to

the designating party.   A requesting party may challenge the designation of a document as "Attorney Eyes Only" pursuant to paragraph 17 below.

    **5.    Method of Designation:** All Information produced in this matter shall be accorded the protections of this Protective Order if affirmatively designated as "Confidential" or "Attorneys Eyes Only."   Documents and things produced which contain Confidential information (with the exception of medical records, which require no designation) shall be designated as such by marking each page of the document or thing at or before the time of production substantially as follows:

**"CONFIDENTIAL"**

or

**"CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER"**

or

**"ATTORNEYS EYES ONLY"**

or

**"ATTORNEYS EYES ONLY – PURSUANT TO PROTECTIVE ORDER"**

In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged, before or after an inspection of the originals by the other party.  The designation of material as Confidential or Attorneys Eyes Only constitutes a representation by the designating party and its counsel that they, in good faith, believe that the material so designated contains or constitutes information which is properly the subject of this Protective Order.  A requesting

party may challenge the designation of a document as Confidential or Attorneys Eyes Only pursuant to paragraph 17 below.

6.  **Designation of Deposition Records:** Information disclosed at the deposition of a party or one of its present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this litigation as well as third parties may be designated as Confidential or Attorneys Eyes Only information by indicating on the record at the deposition that the particular testimony is Confidential or Attorneys Eyes Only information and subject to the provisions of this Protective Order.

7.  **Effect of Designation and/or Failure to Designate:** Designation of materials as Confidential is a representation by the designating person that there is a valid basis for such designation.  Notwithstanding the foregoing, the failure to designate materials as Confidential shall not be used against any person as an admission or concession that the materials are not eligible for designation, nor shall it constitute, be construed as, or have the effect of, a waiver of any kind.  In the event that a person inadvertently fails to designate materials as Confidential, any person to whom the materials were produced, shall, upon written notice, designate, and thereafter treat, such materials as though designated as Confidential.

### III.    TREATMENT OF MATERIALS SUBJECT TO PROTECTIVE ORDER

**8.    Prohibited Use of Materials**: Materials subject to this Order shall not be used for any purpose other than in connection with this litigation. Furthermore, materials designated as Confidential and/or Attorneys Eyes Only shall not be: (1) made available, directly or indirectly or through paraphrasing, by the party receiving it to any persons or entities other than Qualified Persons; or (2) used by any person for any purpose other than in connection with this litigation. Nothing herein is, however, intended to restrict counsel's use of the general knowledge it gains from reviewing materials subject to this Order, as long as such use does not include counsel communicating the specific contents of such materials.

**9.    Permitted Use of Materials:** Nothing shall prevent disclosure beyond the terms of this Order if the party and/or third-party designating the information as Confidential or Attorneys Eyes Only Information consents, in writing, to such disclosure, withdraws the Confidential or Attorneys Eyes Only designation, or if the Court, after notice to all parties, orders such disclosure.  A party may, in a deposition, show any witness Confidential information.  This Protective Order does not prohibit the use or disclosure by a person of materials lawfully obtained or developed by such person independently of

discovery in this matter, even if such materials are also obtained through discovery in this matter.

**10.    Inapplicability of Protective Order:** This Protective Order shall not apply to information that: (i) was, is, or becomes public knowledge (not by any way of a violation of this Protective Order); (ii) was or is acquired from a third party possessing such information and having no obligation of confidentiality to the designating party; or (iii) the receiving party establishes was already in its rightful and lawful possession at the time of the disclosure.

**11.    Filing and Use of Confidential Material in Court:** All discovery and other material filed with the Court including, *inter alia*, transcripts of depositions, exhibits, briefs and memoranda, which comprise or contain Confidential or Attorneys Eyes Only information shall be filed and kept by the Court in sealed envelopes or other appropriately sealed containers on which shall be endorsed the title of this action, an indication of the contents of such sealed envelope or other container, the identity of the party filing the materials, the words "CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY" and a statement substantially in the following form:

> THIS ENVELOPE (CONTAINER) CONTAINS DOCUMENTS (OBJECTS) SUBJECT TO THE PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED, REVEALED, OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.

Pursuant to LR 5.3 and LR 26.4, the parties agree that any Confidential of Attorneys Eyes Only information may be filed under seal without filing of a motion to seal each time any Confidential or Attorneys Eyes Only information must be filed with the Court.

**12.    Return of Materials Subject to the Protective Order:** As to all Confidential or Attorneys Eyes Only Information excluding medical records: Within sixty (60) days after the conclusion of this litigation, including all appellate proceedings, originals or reproductions of any documents or things produced by a party containing Confidential or Attorneys Eyes Only information shall be returned to the producing party or destroyed, except as required by law. Moreover, the office of each principal counsel may retain for its archive a single copy of any such materials.  Principal counsel may also retain all exhibits, deposition transcripts, correspondence and papers filed with the Court.  There shall be no restrictions on the disclosure or use of any trial exhibits, unless the exhibits were filed under seal and the Court has not lifted any such restriction on the same.  As to medical records, within sixty (60) days after the conclusion of this litigation, all parties will return all copies of the medical records to the producing party or provide the producing party with satisfactory assurances that all copies have been destroyed.

## IV.   <u>MISCELLANEOUS</u>

**13.   Inadvertent   or   Unintentional   Disclosure   of   Privileged Information:** If a person inadvertently or unintentionally produces or discloses materials that are confidential because of the attorney-client privilege, work product doctrine, or other immunity, such person shall promptly give written notice to any receiving persons.  On receiving such notice, a receiving person shall sequester the materials. The producing or disclosing person and the receiving person(s) shall thereafter negotiate the disposition of the materials in good faith. If, after 7 days, the persons are unable to reach an agreement as to the disposition of the materials, either of them may move the Court to resolve the matter. In the event of such a motion, no person shall use the fact of production or disclosure to argue that any applicable privilege is or was waived.  Nothing herein shall preclude a receiving person from otherwise challenging or disputing the privilege or immunity claimed by the producing person, including by using the materials at issue in a manner consistent with this Protective Order.

**14.   Non-Waiver of Rights:** This Order shall not constitute a waiver of any right(s) to: (1) object to any discovery request and withhold information and/or materials on the ground of attorney/client privilege, work product or otherwise; (2) object to the introduction of any materials as evidence at any hearing or trial in this matter; (3) seek other and further protections as to any

10

materials that may be offered or admitted as evidence at any hearing or trial in this matter; or (4) file any other motions that may be permitted by any applicable law or court rule.  Nothing in this Protective Order shall constitute an admission or waiver of any objection, claim or defense by any person or party.

**15.    Modifications to Order:** Any person with proper standing may, on motion or other request to the Court and for good cause shown, seek a modification of this Order.  No modification of this Order that adversely affects the protection of any materials produced by a person shall be entered without first giving the person appropriate notice and an opportunity to be heard.

**16.    Binding Order:** This Order shall bind all parties to this litigation and any and all other persons to the fullest extent lawfully permissible.

**17.    Dispute Resolution:** A person need not challenge the propriety of the designation of materials as Confidential or Attorneys Eyes Only at the time of designation.  In the event of a dispute concerning this Protective Order, including, but not limited to, a dispute over the designation of materials as Confidential or Attorneys Eyes Only, the attorneys for the parties shall first attempt in good faith to negotiate a resolution.  If the parties are unable to resolve the dispute, the producing party shall have 14 days from the date the party opposing the designation confirms in writing an impasse to file a motion pursuant to Fed. R. Civ. P. 26 to continue the designation.  Until the motion is resolved by the

11

Court, the designated materials at issue shall continue to have the protections afforded by this Order. If the producing party fails to file a motion within 14 days, then the material that was the subject of the dispute shall no longer be entitled to protection under this Order. In the event of such a dispute, the party designating materials as Confidential or Attorneys Eyes Only bears the burden of justifying that designation.

18.   **Survival of Litigation:** This Order shall survive the termination of this litigation, and shall remain in effect until modified, superseded, or terminated by order of the Court or by agreement of the parties.

19.   **Violations:** Any person who violates this Order may be subject to sanctions, including injunctive relief, contempt orders, monetary damages, or other penalties to be determined by the Court.

**IT IS SO ORDERED.**

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:         August 31, 2015
               Flint, Michigan

Stipulated as to form:

Date: August 21, 2015                  Date: August 21, 2015
VARNUM LLP                             DICKINSON WRIGHT PLLC
Attorneys for Plaintiffs               Attorneys for Defendant

By: */s/ John W. Sturgis VII*          By: */s/ Salina M. Hamilton*
     John W. Sturgis VII (P79046)           Salina M. Hamilton (P75296)
     jwsturgis@varnumlaw.com               shamilton@dickinsonwright.com

## EXHIBIT A

I,_____, state that:

1.      My address is _____.

2.      My present employer is _____.

3.      My present occupation or job description is _____.

4.      I have received a copy of the Protective Order Governing The Exchange Of Information Deemed Confidential By The Parties ("Protective Order") in the matter entitled *R.L. Adams Plastics, Inc., et al. v. Blue Cross Blue Shield of Michigan*.

5.      I have carefully read and understand the provisions of the Protective Order.  I will comply with all of the provisions, including holding in confidence and not disclosing to anyone not qualified under the Protective Order, any Confidential Document, or information contained in a Confidential Document.

6.      I hereby consent to be subject to personal jurisdiction of the United States District Court for the Eastern District of Michigan in respect to any proceeding relative to the enforcement of the Protective Order.


_____
Signature


_____
Date

9693024_1
DETROIT 19276-195 1361646v1

13